862 F.2d 1393
 28 ERC 1651, 35 Cont.Cas.Fed. (CCH) 75,603
 WASTE MANAGEMENT OF NORTH AMERICA, INC., dba Dewey's Rubbish
Service, dba Great Western Reclamation, Plaintiff-Appellant,
v.
Casper WEINBERGER; James R. Webb; Brigadier General Donald
E.P. Miller, Defendants-Appellees.
 No. 87-6592.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 4, 1988.
Decided Dec. 9, 1988.
 
 H. Warren Siegel, Wyman, Bautzer, Christensen, Kuchel & Silbert, Irvine, Cal., for plaintiff-appellant.
 Maria A. Iizuka, Asst. U.S. Atty., Land & Natural Resources Div., Washington, D.C., for federal appellees.
 Appeal from the United States District Court for the Central District of California.
 Before HALL and LEAVY, Circuit Judges, and McKIBBEN,* District Judge.
 LEAVY, Circuit Judge:
 
 
 1
 This is an appeal from a grant of summary judgment in favor of the United States. We hold that the district court had jurisdiction under 31 U.S.C. Sec. 3556 (Supp. III 1985), and that plaintiff Waste Management lacked standing to bring this action. Accordingly, we affirm.
 
 FACTS AND PROCEEDINGS
 
 2
 The facts are not in dispute. The El Toro Marine Corps Air Base (Base) is located in Orange County, California. It occupies 4,800 acres of land and has over 13,500 military residents.
 
 
 3
 On January 20, 1987, the Base solicited bids for solid waste collection and disposal, in accordance with the Competition in Contracting Act, 10 U.S.C. Secs. 2301-2329 (1982 & Supp. IV 1986) (CICA). The bid proposal contained the requirement that "the contractor shall ... obtain all appointments, licenses, and permits required for prosecution of the work." The Base received eight bids, but did not receive one from the appellant, Waste Management of North America.
 
 
 4
 On February 18, 1987, Waste Management filed a bid protest letter with the Comptroller General of the General Accounting Office (GAO), pursuant to 31 U.S.C. Secs. 3551-56 (Supp. III 1985), alleging that only Waste Management was authorized to provide waste collection to the Base. The Base is located in unincorporated Orange County, within Permit Area No. 6 for purposes of waste collection. At the time of the bid solicitation, Waste Management was the only permittee under an Orange County ordinance for the collection of solid waste in Permit Area No. 6. Orange County, Cal., Code Secs. 4-3-47, 4-3-56 (1986). The ordinance does not preclude others from obtaining permits for the same area.
 
 
 5
 The GAO dismissed Waste Management's bid protest on March 9, 1987. The protest was dismissed because Waste Management failed to comply with 4 C.F.R. Sec. 21.1(d) (1984), which requires that a copy of the protest be provided to the "designated contracting agency personnel" within one day after the protest is filed with GAO. Id. Waste Management did not file a copy of its protest with the appropriate contracting agency personnel.[1] There is no evidence before this court that Waste Management either later properly filed a bid protest or submitted a bid during the bid period.
 
 
 6
 On March 12, 1987, the contract was awarded to Shubin Services, Inc. Contracts for waste collection and disposal at the Base had been designated for "small business set-asides" under the Federal Acquisition Regulations, 48 C.F.R. Secs. 19.501-.508 (1987). Shubin was found to be the lowest bidder who also qualified as a small business concern. Shubin did not have a permit from Orange County to collect waste.
 
 
 7
 Waste Management filed this action under 31 U.S.C. Sec. 3556, which provides for protests of procurement actions in district court, and under 42 U.S.C. Sec. 6972(a)(1), the citizen suit provision of the Resource Conservation and Recovery Act, 42 U.S.C. Secs. 6901-6991i (1982 & Supp. III 1985) (RCRA). Under section 6961 federal agencies are required to comply with "all ... local requirements, both substantive and procedural (including any requirement for permits ...) respecting control and abatement of solid waste ... disposal." Because the Base allegedly did not comply with the Orange County ordinance requiring that waste haulers receive permits from the county and comply with other county regulations, Waste Management contended that the Base violated RCRA.
 
 
 8
 The government argued that the Base was not subject to the Orange County ordinance because under guidelines of the Environmental Protection Agency (EPA) promulgated pursuant to RCRA, major federal facilities such as the Base are to be treated as municipalities. 40 C.F.R. Sec. 255.33 (1987). As a municipality, the Base, under California law, would be entitled to determine its own means of waste collection and disposal. Cal. Gov't Code Sec. 66757 (West 1983).
 
 
 9
 The district court held that it had jurisdiction under 42 U.S.C. Sec. 6972(a)(1), and granted summary judgment for the government. The court found that the Base is a major federal facility and should be treated as an incorporated municipality for purposes of application of state and local environmental laws. The Orange County ordinance only applies to unincorporated areas. Therefore, the court concluded, the Orange County ordinance did not apply to the Base, and the Base was entitled to develop its own waste collection system.
 
 
 10
 Waste Management timely appealed the district court's judgment.
 
 STANDARD OF REVIEW
 
 11
 Determinations of jurisdiction, standing, and statutory interpretation are reviewed de novo. United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984); Fernandez v. Brock, 840 F.2d 622, 626 (9th Cir.1988).
 
 DISCUSSION
 I. Jurisdiction
 
 12
 Waste Management asserted jurisdiction in the district court under 42 U.S.C. Sec. 6972 and section 3556 of CICA. The district court found it had jurisdiction under section 6972; it did not discuss jurisdiction under section 3556. On appeal, the government argues for the first time that the district court lacked subject matter jurisdiction under both statutes. Following Parola v. Weinberger, 848 F.2d 956 (9th Cir.1988), this contention is without merit.
 
 
 13
 CICA provides that an "interested party" may file a protest concerning "an alleged violation of a procurement statute or regulation" with the Comptroller General, in district court, or in the Court of Claims. 31 U.S.C. Secs. 3552, 3556.[2] The government argues that Waste Management is not alleging that the Base violated a "procurement statute or regulation"; rather, it is alleging a violation of RCRA. The government contends that a dispute over the applicability of RCRA to a federal installation is not a procurement dispute. This position has been rejected by both this court and the Comptroller General.
 
 
 14
 In Parola, the plaintiff was the owner of a garbage collection business which held an exclusive franchise from the City of Monterey, California. For several years, Parola had contracted to collect garbage from the Naval Postgraduate School and the Army's Presidio facilities, located within the Monterey city limits. In 1985, the Navy and Army determined they could save money by a competitively awarded waste collection contract; thus, they issued bid solicitations. Parola submitted a bid, but also filed a written bid protest with the Comptroller General of the GAO. Parola alleged that the bid solicitations violated RCRA by failing to conform to the Monterey ordinance granting Parola exclusive garbage collection rights. Thus, the factual setting of Parola is similar to that here. We affirmed the GAO and the district court decisions in holding that Parola's standing to sue was based on his alleged injury from a government contract award, arising under federal procurement statutes and regulations, regardless of the alleged RCRA violation. Parola, 848 F.2d at 959. Thus, the district court had jurisdiction in Parola under federal procurement laws.
 
 
 15
 In In re Solano Garbage Co., 66 Comp.Gen. 237 (1987), 87-1 CPD p 125, the government made a similar argument which the GAO rejected. There, Solano held an exclusive franchise for waste collection within the city of Fairfield, California. Travis Air Force Base, located in Fairfield, issued an invitation for bids for waste collection. Solano protested. Although the GAO decided against Solano on the merits, it found that jurisdiction was proper under CICA. The GAO declined to interpret CICA as narrowly as the government there and here proposes, stating:[W]hile not specifically involving an alleged violation of procurement statute or regulation, the protest requires us to decide whether Solano is entitled to receive a sole-source contract award in light of the requirements of 42 U.S.C. Sec. 6961 [RCRA].... We consider this a sufficient basis for exercising our jurisdiction under CICA.... The dispute ... involves the propriety of the Air Force's solicitation for refuse collection services, and thus arises under CICA, not RCRA. While resolution of this dispute necessarily involves the interpretation of RCRA, this does not change the fundamental nature of the dispute as one requiring us to decide, under CICA, whether a "solicitation, proposed award, or award complies with statute and regulation."
 
 
 16
 Solano, 87-1 CPD p 125 at 3 (quoting 31 U.S.C. Sec. 3554(b)(1)).
 
 
 17
 Concerning the issue of jurisdiction, there is no difference between Parola and Solano and this case. Waste Management contends that in its procurement of waste collection services at the El Toro Base, the government violated federal procurement statutes and regulations, as well as RCRA, causing injury of the type described in CICA at 31 U.S.C. Sec. 3551(2). Thus, although the district court did not premise its jurisdiction on CICA, jurisdiction was proper under 31 U.S.C. Sec. 3556.
 
 
 18
 The government also argues that the district court did not have jurisdiction under RCRA, 42 U.S.C. Sec. 6972. Section 6972 authorizes citizen suits against any person, including a federal agency, who is alleged to be in violation of any requirement under RCRA. 42 U.S.C. Sec. 6972(a)(1)(A). However, such suits require a notice to the defendant agency sixty days prior to filing the suit. 42 U.S.C. Sec. 6972(b)(1)(A). The notice must be served on the Administrator of the EPA, the state in which the alleged violation occurred, and the alleged violator. Id.
 
 
 19
 Waste Management failed to comply with the sixty day notice requirement of RCRA, a requirement we have found to be jurisdictional, not procedural. Save the Yaak Comm. v. Block, 840 F.2d 714, 721 (9th Cir.1988). Waste Management's bid protest letter, sent to the Comptroller General of the GAO, did not provide notice that Waste Management was contemplating a suit under RCRA and did not notify those required by statute to be notified. However, this court in Parola found such a jurisdictional challenge to be "completely meritless." Parola, 848 F.2d at 959. In Parola, we stated:
 
 
 20
 Although an alleged RCRA violation is at the core of Parola's claims, it is obvious that Parola has not brought a "citizen suit" within the meaning of 42 U.S.C. Sec. 6972(a)(1)(A). The "citizen suit" provision was designed as an expansive grant of standing to private individuals to compel EPA and private party compliance with RCRA. But Parola's standing to sue is based on his alleged injury from a government contract award.... Indeed, RCRA explicitly states that the citizen suit provision "does not restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any standard or requirement relating to the management of solid waste ... or to seek any other relief...." 42 U.S.C. Sec. 6972(f). Thus, the RCRA citizen suit provision does not displace Parola's independent basis for suit and is irrelevant to the jurisdictional issue.
 
 
 21
 Id. (citations omitted).
 
 
 22
 Following Parola, Waste Management's suit is not one brought under the general citizen suit provision of RCRA, and that provision's requirement of a sixty day notice period does not preclude Waste Management from bringing suit under CICA. Therefore, the district court wrongly asserted jurisdiction under RCRA, 42 U.S.C. Sec. 6972. However, it did have jurisdiction under CICA, 31 U.S.C. Sec. 3556.
 
 II. Standing
 
 23
 A federal court's judicial power extends to cases arising under the laws of the United States. U.S. Const., art. III, sec. 2. However, it is not enough that a litigant alleges that a violation of federal law has occurred; the litigant must have standing to invoke the federal court's power. Fernandez, 840 F.2d at 625. Absent injury, a violation of a statute gives rise merely to a generalized grievance but not to standing. Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 482-83, 102 S.Ct. 752, 763-64, 70 L.Ed.2d 700 (1982).
 
 
 24
 CICA provides that an "interested party" has standing to protest a federal agency's solicitation of bids for proposed contracts. 31 U.S.C. Sec. 3551(1). Interested parties are "actual or prospective bidders." 31 U.S.C. Sec. 3551(2). Here, once the bid proposal period ended, Waste Management could not qualify as a "prospective" bidder; it must have filed a bid protest or become an "actual" bidder by submitting a bid. Because Waste Management neither filed a proper bid protest nor submitted a bid, we hold that it lacked standing under CICA to challenge the Base's solicitation of bids and award of the contract to Shubin.
 
 
 25
 Because we find that Waste Management lacked standing, we need not discuss the other arguments raised by both parties.
 
 CONCLUSION
 
 26
 The decision of the district court is AFFIRMED.
 
 
 
 *
 Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation
 
 
 [1]
 This regulation was amended in December 1987 to provide that a protest would not be dismissed for failure to comply with paragraph (d), if "the contracting officer has actual knowledge of the basis of protest or the agency, in the preparation of its report, is not otherwise prejudiced by the protester's noncompliance." 4 C.F.R. Sec. 21.1(f) (1988)
 
 
 [2]
 An "interested party" is an actual or prospective bidder on a contract or proposed contract whose direct economic interest would be affected by award of the contract. 31 U.S.C. Sec. 3551(2). Whether Waste Management qualifies as an "interested party" is discussed in Part II of this opinion